# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2022

Lyle W. Cayce
Clerk

No. 21-60455
Summary Calendar

Loida Noemy Zelaya De Tobar; Griselda Nohemy Tobar-Zelaya; Sayra Esmeralda Tobar-Zelaya,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 027 603
BIA No. A206 027 604
BIA No. A206 027 605

---

Before Barksdale, Costa, and Engelhardt, *Circuit Judges*.

Per Curiam:*

On behalf of herself and her children, Loida Zelaya de Tobar, a native and citizen of El Salvador, petitions for review of the Board of Immigration

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60455

Appeals' (BIA) affirming the Immigration Judge's (IJ) denying her claims, *inter alia*, for asylum and withholding of removal. Zelaya de Tobar contends: substantial evidence shows she has proven these two claims; and the BIA violated her due-process rights.

On petition for review of the BIA's decision, factual findings are reviewed for substantial evidence; questions of law, *de novo. Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) (per curiam). Under this standard, reversal is improper "unless the evidence compels a contrary conclusion". *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996). Our court reviews the BIA's decision and only looks to the IJ's decision to the extent it was adopted or relied on by the BIA. *E.g.*, *Zhu v. Gonzales*, 493 F.3d 588, 593 (5th Cir. 2007).

Zelaya de Tobar has not proven that she has been harmed on account of her asserted protected ground, a particular social group (PSG): "close family members of young single girls who cannot escape abuse and sexual harassment by the gangs". The BIA's reasoning that the proposed PSG was circularly defined, was not socially distinct, and utilized vague terms is consistent with the BIA's prior rulings and decisions of this court. *E.g.*, *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 251–52 (B.I.A. 2014) (clarifying "membership in a [PSG] requires an applicant for asylum or withholding of removal to establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question" (citation omitted)); *Gonzales-Veliz v. Barr*, 938 F.3d 219, 232–34 (5th Cir. 2019) (reiterating PSG cannot be "impermissibly defined in a circular manner").

To the extent Zelaya de Tobar now asserts her proposed PSG consisted of, or related to, her nuclear family, the challenge is unexhausted. *E.g.*, *Ramos-Torres v. Holder*, 637 F.3d 544, 547 (5th Cir. 2011) (discussing

exhaustion standards).  In other words, this is a new PSG, or a new way of defining it, that was not raised to the BIA.  *See id.*

Our court need not consider Zelaya de Tobar's government-involvement challenge because the lack of any asylum element is fatal to the claim.  *See INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (per curiam) (noting "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

As for her withholding-of-removal claim, when an asylum claim is unsuccessful, a withholding claim necessarily fails. *Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) (concluding because petitioner failed to meet asylum standard, petitioner also failed to meet withholding standard).

Lastly, her due-process challenge is unexhausted for failure to raise it to the BIA.  *See Ramos-Torres*, 637 F.3d at 547.

DISMISSED IN PART; DENIED IN PART.